IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GLENN TODD LANHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 8:17-cv-00423 |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **AGREED PROTECTIVE ORDER**

On this day, the Court was presented with this Agreed Protective Order, submitted by Plaintiff and Defendant General Motors LLC ("General Motors"), to govern the disclosure of certain documents to be produced by General Motors in the course of discovery and trial of this action.

WHEREAS, documents or information proprietary to General Motors containing confidential, financial, proprietary, technical and commercial information may be produced or disclosed during the course of discovery in this litigation;

WHEREAS, disclosure of such confidential information might be severely injurious to General Motors, placing it at a competitive disadvantage within the industry;

WHEREAS, good cause has been shown for the entry of a protective order;

WHEREAS, the parties wish to proceed with discovery in this action without burdening the Court with unnecessary procedural litigation.

    1.    Any document, data or other material, including but not limited to photographs, drawings, films, videotapes, electronically stored information or other data

("documents"), which contain commercially sensitive or proprietary information may be designated as confidential by the producing party. All such documents designated as confidential, and copies thereof, shall be marked "Subject to Protective Order" or "Confidential" or with substantially similar language, or as described in Paragraph 14 of this Order and shall contain the name of the producing party and the style of this lawsuit. No such markings shall obscure the material being produced.

2. Prior to the disclosure of any documents or information covered by this Order, the attorney making such disclosure shall furnish a copy of this Order to the person, firm, or corporation to whom the documents or information contained therein is to be disclosed, and shall advise such persons that, pursuant to this Protective Order, such documents or information contained herein, may not be divulged or disseminated, in any way, to any other person, firm or corporation. No person to whom documents or information subject to restricted access are disclosed pursuant to the provisions of this Order shall disclose the materials to any person not entitled, under the terms of this Order, to receive it.

3. All such recipients of protected documents or information shall, by receiving documents or information produced subject to this Protective Order, submit to the jurisdiction of United States District Court for the District of Nebraska, for the purposes of any action seeking to enforce the terms and conditions of this Order or any action for contempt for violation of the terms of this Order. All persons to whom the information is disclosed will provide their name, address and telephone number as provided on the attached Exhibit A, evidencing their agreement to the terms of this Order. The names,

addresses, and telephone numbers of all experts shall be entered on Exhibit A. Absent a showing of good cause, the expert information contained in Exhibit A need not be disclosed to opposing counsel until after conclusion of the litigation, including appeals.

4. The Parties shall undertake, in good faith, to designate as confidential only those documents which they believe contain commercially sensitive or proprietary information.

5. Plaintiff shall not disseminate confidential documents or information produced pursuant to this protective order, except as otherwise provided herein.

6. Confidential documents and information, and any copies thereof, may be disclosed to deponents during the course of their preparation for, and the taking of, their depositions. Prior to the disclosure of such documentation or information to a deponent, the attorney making the disclosure shall have the deponent sign Exhibit A and advise the deponent to whom the documents or information contained therein are to be disclosed that, pursuant to this Order, such deponent may not divulge any such documents or information contained therein to any other person, firm or corporation.

7. In the event that any such confidential documents or information is included with, or the contents thereof are in any way disclosed by any pleading, motion, deposition transcript, or other paper filed with the Court, such documents and information shall be kept confidential and automatically kept under restricted access until further Order of the Court. The sealing is necessary because General Motors has a specific, serious, and substantial proprietary interest, and there is no adverse effect that sealing of these documents will have upon the general health and public safety, and there is no less restrictive means than sealing

the records that will adequately and effectively protect General Motors proprietary interest.

        8.      This Order will in no way restrict use of the information and materials covered by this Order at trial or other hearing, subject to the sealing and except as specifically provided by Order in Limine or other order of the Court directly addressing such use.

        9.      At any time prior to final judgment, Plaintiff may object to the designation of any document as confidential. Plaintiff shall notify all other parties of the specific documents or things by bates number with regard to which Plaintiff wishes the Protective Order to be lifted. The producing party then has 21 days to de-designate the challenged materials or seek judicial relief. Pending such determination (or the expiration of the period in which the producing party can seek judicial relief), the document shall be maintained as confidential material. If no objection is made as set forth in this paragraph, with regard to any document or information, the "Confidential" status shall become permanent.

        10.      After termination of this litigation, the provisions of this Order shall continue to be binding upon all individuals who were ever, at any time, bound hereby, except with respect to those documents and information which become a matter of public record. This Court hereby retains and shall have continuing jurisdiction over each and every party who receives copies of confidential documents or information hereunder, and their attorneys and experts, for enforcement of the provisions of this Order following termination of this litigation. Consent to the continuing personal jurisdiction of this Court for enforcement of this Order shall be deemed given by any person receiving

"Confidential" documents or information hereunder.

11. Neither the terms of this Order nor any action in compliance with it shall operate as an admission of the confidentiality of the information or document or will in any way prejudice the rights of the parties to seek Court determination of whether the documents or information may be disclosed or whether it will remain subject to the terms of the Order.

12. Counsel of record for each party to this litigation shall within thirty (30) days of the conclusion of litigation, including appeals, produce to counsel for General Motors a list in the format identified as Exhibit A of the names of each person to whom confidential materials and information covered by this Order has been disclosed.

13. Any notes, memoranda, summaries, identification or indexes relating to any of the confidential documents or information produced during the course of this litigation shall not be disseminated to any persons other than those specifically authorized by this Order.

14. Some or all of General Motors' design information for the vehicle at issue in this case is maintained at General Motors as "math data." The math data consist of three dimensional, mathematical representations of the vehicle components and assemblies. These math data files are very commercially sensitive to General Motors. A competitor, counterfeiter or other manufacturer who obtained these files could immediately begin mass producing components in direct competition with General Motors at a significant cost savings. Moreover, the electronic format of this three dimensional math data could allow uncontrolled, mass dissemination of this data via the Internet, without the

ability to determine the identity of the recipients or sender. This would be commercially devastating for General Motors. Because of the heightened commercial sensitivity and risk associated with the math data, this data will be treated as follows for purposes of this case. All math data files will be produced in JT file format on CDs that contain only JT files. This data shall remain the property of General Motors and shall be subject to this protective order notwithstanding any change or modification to the data. The CDs containing JT files will be labeled with the case name and a designation indicating that these files cannot be produced to individuals unrelated to this case. The designation shall contain the following notation: "Access Restricted to Lanham v. GM Only. This Data Cannot Be Disseminated To Persons Who Are Not Involved With This Case." All math data files so designated shall be disseminated, used, disclosed or otherwise made available only to the following persons when needed by them in connection with their duties in connection with this action."

(a) Attorneys of record in this action and their partners or associate attorneys;

(b) Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the supervision of partners or associate attorneys of said firms;

(c) Any independent expert, attorney, consultant or similar person consulted or retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action under the supervision of said persons;

(d) The officers, directors or employees of a party to this litigation, only to the extent that such persons are assisting counsel for that party in the conduct of this litigation;

(e) The Court;

(f) Court Reporters or other official personnel reasonably required for the preparation of transcripts or testimony;

(g) Witnesses/Deponents, either by deposition or trial testimony, who may be shown and questioned about the confidential material; and

(h) Mediators and other individuals appointed by the Court in this matter.

15. Additionally, certain documents and information to be produced will include personal information of third parties that is protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) consumer and third-party names, (such as the first and last names of persona involved in an accident or of other individuals not directly involved in an accident but included in documents related to an accident); Social Security Numbers; health information relating to the past, present, or future physical or mental health or condition of an individual; the provisions of health care to an individual, or the past, present, or future payment for the provisions of health care to an individual; driver's license or other identification numbers; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; VIN numbers; or any personal e-mail addresses or other person contact information (collectively referred to as "Personal Information"). When the Producing Party reasonably believes that the documents or information include Personal Information, the documents or information will be labeled with the case name and a designation indicating that these files cannot be produced to individuals unrelated to this case. The designation shall contain the following

notation: "Access Restricted to Lanham v. GM Only. This Data Cannot Be Disseminated To Persons Who Are Not Involved With This Case."

16. Other confidential documents or information produced subject to this Order, but which does <u>not</u> exhibit the restricted access designation identified in Paragraphs 14 and 15 of this Order, any copies thereof, may be made available only to the following persons:

  (a)  Attorneys of record in this action and their partners or associate attorneys;

  (b)  Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the supervision of partners or associate attorneys of said firms;

  (c)  Any independent expert, attorney, consultant or similar person consulted or retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action under the supervision of said persons;

  (d)  The officers, directors or employees of a party to this litigation, only to the extent that such persons are assisting counsel for that party in the conduct of this litigation;

  (e)  The Court;

  (f)  Court Reporters or other official personnel reasonably required for the preparation of transcripts or testimony;

  (g)  Witnesses/Deponents, either by deposition or trial testimony, who may be shown and questioned about the confidential material;

  (h)  Mediators and other individuals appointed by the Court in this matter; and

  (i)  Parties and/or their counsel involved in pending litigation against General Motors relating to (1) 1999 – 2007 GMT800 1500 series

> Chevrolet Silverado and GMC Sierra pickup trucks, with RPO V76 or (2) 2000 – 2006 GMT800 SUV's including the following: Chevrolet Tahoe, Chevrolet Suburban, Chevrolet Avalanche, Cadillac Escalade EXT, Cadillac Escalade, Cadillac Escalade ESV, Yukon, and Yukon XL, with RPO V76, in which it is alleged that an injury occurred as a result of an alleged defect in the front tow hook.

17. No copies of any documents or information subject to restricted access shall be made or furnished, and no information contained therein shall be disclosed to any person, expert, firm, or corporation except those identified in this Order, without prior written consent of General Motors, or its attorneys of record in this cause.

18. All stamped confidential documents and all existing copies thereof (other than exhibits of record) shall be returned to the party or person that produced such documents or its attorneys of record, within sixty (60) days of the conclusion of this litigation, including appeals. No copies of confidential documents or information covered by this Order shall be retained, for any reason whatsoever, by any person, firm, or corporation, including attorneys.

19. Inadvertent or unintentional production of documents or information containing Confidential Information, which are not designated "confidential," shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

20. Inadvertent production of privileged documents is not intended to constitute a waiver of privilege. In accordance with applicable law, counsel for the receiving party shall promptly notify the other party if produced material appears to be privileged and shall comply with the other party's demands to return said materials. Likewise, if the other party discovers that privileged material (or confidential material

otherwise designated as being produced subject to this Protective Order is not marked ("confidential") was inadvertently produced it shall promptly notify counsel for the receiving party and the receiving party shall comply with the other party's demands to return said materials. If counsel for the receiving party disputes the privileged or confidential status of such a document, all parties agree such documents must be returned to the other party pending resolution of the dispute.

SIGNED AND ENTERED on this 7th day of February 2018.

s/ Cheryl R. Zwart
**PRESIDING JUDGE**

**AGREED:**

*/s/ Michael J. Serra*
_____
David A. Brose, Mo. Bar #56244
Michael J. Serra, Mo. Bar #63227
Admitted to Practice in the
District of Nebraska
LANGDON & EMISON
911 Main Street
P.O. Box 220
Lexington, Missouri 64067
Phone: (660) 259-6175
Fax:     (660) 259-4571
david@lelaw.com
michael@lelaw.com
Counsel for Plaintiff Glenn Todd Lanham


_____
Rodney E. Loomer Mo. Bar #24013
Jeffrey D. Upp, Mo. Bar #69471
Admitted to Practice in the
District of Nebraska
TURNER, REID, DUNCAN, LOOMER
& PATTON, P.C.
1355 E. Bradford Parkway, Suite A
P.O. Box 4043
Springfield, MO  65808
rloomer@trdlp.com
jupp@trdlp.com
Phone: (417) 883-2102
Fax:     (417) 883-5024
Counsel for Defendant General Motors, LLC

# EXHIBIT A

I, the undersigned, acknowledge that I have read the Protective Order entered in the United States District Court for the District of Nebraska, <u>Glenn Todd Lanham v. General Motors, LLC,</u> Case No. 8:17-cv-00423-RFR-MDN, understand the terms thereof, and agree to be bound by such terms, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Protective Order.

**NAME** _____

**ADDRESS** _____

_____

**PHONE** _____

**NAME** _____

**ADDRESS** _____

_____

**PHONE** _____

**NAME** _____

**ADDRESS** _____

_____

**PHONE** _____

**NAME** _____

**ADDRESS** _____

**PHONE** _____